IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                      Case Nos.: 3:98cr47/LAC
                                                                   3:11cv597/LAC/EMT

JOHNNIE FRANK EMMANUEL

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, including a memorandum in support (doc. 231).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."  After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant was convicted of conspiracy to possess with intent to distribute cocaine base and use of a firearm during a drug trafficking crime (doc. 71).  On September 21, 1998, he was sentenced to a term of 300 months imprisonment on count one and a consecutive term of 60 months imprisonment on count two (*id.*).  He did not appeal.  Eight years later, in September of 2006, Defendant filed a motion to compel specific performance, seeking an order directing the Government to file a Rule 35(b) motion (doc. 186).  The Government responded (doc. 187), and the district court denied the motion on October 16, 2006 (doc. 188).  Defendant filed nothing further

until more than five years later when he filed the instant motion to vacate, set aside or correct

sentence pursuant to 28 U.S.C. § 2255 (doc. 231).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under

this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).  Defendant acknowledges that "[a]t first glance, this motion appears untimely"

(doc. 231 at 7).  He presents two reasons why his motion should not be time barred.  First, he asserts

that equitable tolling should extend the limitation period.  Although § 2255's limitation period may

be equitably tolled, tolling is appropriate only when a movant untimely files "because of

extraordinary circumstances that are both beyond his control and unavoidable even with diligence."

Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297

F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).

It only applies in "truly extraordinary circumstances."  Johnson, 340 F.3d at 1226 (citing Jones v.

United States, 304 F.3d 1035, 1039–40 (11th Cir. 2002); Drew, 297 F.3d at 1286).  The onus is on

the defendant to show that he is entitled to this extraordinary relief.  Johnson, 340 F.3d at 1226.  The

court will not relieve a petitioner who has sat upon his rights.  United States v. Cicero, 214 F.3d 199,

203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999)).  There is

nothing in Defendant's memorandum beyond his bald assertion that would lead the court to

conclude that equitable tolling for over twelve years is warranted.

Next, Defendant contends that several of his claims are "in the nature of a challenge to

subject-matter jurisdiction" (doc. 231 at 7).  Defendant is correct that a challenge to subject matter

jurisdiction may be raised at any time.  *See, e.g.,* United States v. Estupinan, 453 F.3d 1336, 1338 (11th Cir. 2006).  However, his attempt to characterize his claims as challenges to subject matter jurisdiction is misguided.  He challenges the court's use of allegedly non-qualifying prior convictions to sentence him as a career offender (claims one and two), the application of the adjustment pursuant to § 3B1.1(b) of the guidelines (claim three), the quantity of drugs attributable to him (claim four), and counsel's failure to consult with him about the advantages and disadvantages of filing an appeal (claim five).  Such claims are not jurisdictional in nature and do not permit him to escape the statute of limitations set forth in § 2255(f).

Accordingly, it is respectfully **RECOMMENDED:**

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 231) be summarily **DISMISSED** as untimely.

At Pensacola, Florida, this 16<u>th</u> day of December, 2011.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 3:98cr47/LAC; 3:11cv597/LAC/EMT